UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ANDRE WILLIAMS, SR., | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | Case No. 4:14-CV-411 (CEJ) |
| IAN WALLACE, | ) | |
| Respondent. | ) | |

## **MEMORANDUM**

This matter is before the Court on the petition of Andre Williams, Sr., for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner previously filed motions for appointment of counsel and to compel respondent to disclose evidence. The Court appointed counsel and denied petitioner's motion to compel without prejudice. The Court will address the merits of petitioner's pro se motion to compel before addressing his claims for relief.

Petitioner is presently incarcerated at the Southeast Correctional Center pursuant to the sentence and judgment of the Circuit Court of St. Louis County, Missouri. On May 6, 2010, petitioner pleaded guilty to one count of robbery in the first degree, in violation of Mo.Rev.Stat. § 569.020, and one count of armed criminal action, in violation of Mo.Rev.Stat. § 571.015. The trial court sentenced petitioner to concurrent 10-year terms of imprisonment. Judgment, Resp. Ex. A. at 8-9. Petitioner did not appeal his conviction and sentence, but filed a timely motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035. The post-conviction court denied the motion without an evidentiary hearing. On December 6, 2011, the Missouri Court of Appeals affirmed the denial of post-

conviction relief.  Williams v. State, 353 S.W.3d 703 (Mo. Ct. App. 2011).  On March 3, 2014, petitioner filed the instant habeas petition.

## I. **Background**

On November 19, 2009, the Yellowstone Café was robbed by two men. According to documents submitted by petitioner, a witness identified Mark Leachman as one of the perpetrators in a photo lineup. When questioned by police, Leachman named petitioner as the other participant in the robbery. [Doc. #23-1 at 32-33].

On May 6, 2010, petitioner appeared with counsel and entered guilty pleas to first degree robbery and armed criminal action. During the plea proceeding, the court advised petitioner of his rights, including his right to present witnesses and evidence on his behalf.  The prosecutor stated that, if the matter went to trial, the State would prove that, at 9:43 p.m. on November 19, 2009, petitioner and Mark Leachman, acting together, forcibly stole cash from Robin Breen, an agent for the Yellowstone Café in St. Louis County, and that in the course of the robbery, petitioner displayed a deadly weapon.  Doc. #20-1 at 19-20. The prosecutor stated:

> [T]he testimony at trial would be that the defendants, [petitioner] and Mark Leachman, were identified as participants for a robbery that occurred on 11/19/09 at Yellowstone Café and that [petitioner] was the gunman and implicated by physical evidence, that was DNA evidence and Leachman was not armed but identified by a witness.

When asked by the court whether the prosecutor's statements were "substantially true and correct," petitioner replied, "Yes."  He denied that anyone had coerced him into entering a guilty plea or made a promise to him about his sentence.  Petitioner was informed that the range of punishment for the robbery charge was 10 years to life imprisonment, and for the armed criminal action charge was 3 years to life

imprisonment. In addition, he was told that the sentences could be imposed concurrently or consecutively. In exchange for petitioner's guilty plea, the State recommended sentences of 10 years' imprisonment on each count, to be served concurrently with one another and with the sentence imposed in an earlier case and "any other case currently serving a sentence."[6] Id. at 21, 11. Based on petitioner's statements under oath, the court concluded that petitioner's guilty plea was freely, voluntarily, and intelligently made with a full understanding of his rights, the charges, and the consequences of his plea. The court also found that there was a factual basis for the plea and accepted petitioner's plea to the charges. Id. at 22. Petitioner waived a presentence assessment and the court imposed the sentence recommended by the State. Id. at 23.

The court then advised petitioner of his right to seek relief pursuant to Rule 24.035, Mo.Sup.Ct.R., and examined petitioner with respect to the assistance provided by his counsel during the proceedings. Id. at 24. In response to questions from the court, petitioner stated that he had had adequate time to discuss his case with counsel, that counsel and her investigator had done all that he asked them to do, and that he was satisfied. He again denied being coerced or threatened. The court found that there was no probable cause to believe that petitioner received ineffective assistance of counsel.

On June 5, 2010, petitioner timely filed a pro se motion for post-conviction relief pursuant to Rule 24.035. Id. at 51-56. He asserted ineffective assistance

---

[6]Missouri Case.Net shows that, on November 3, 2006, in the St. Louis City Circuit Court, petitioner pleaded guilty to trafficking second degree and received a suspended execution of sentence. On October 29, 2009, his probation was suspended and he was taken into custody. State v. Williams, No. 22051-02953-01.

3

claims based on counsel's failure to submit a watch cap found at the scene for DNA testing at an independent laboratory, contact witness Jennifer Stanley, and move to withdraw his guilty pleas as he requested. Court-appointed counsel filed an amended motion and request for evidentiary hearing, asserting claims that plea counsel was ineffective for failing to interview alibi witness Dekisha Roddie and co-defendant Leachman, who would have testified that petitioner did not participate in the robbery. Id. at 68-81. On December 28, 2010, the post-conviction court denied petitioner's Rule 24.035 motion without an evidentiary hearing. Id. at 83-87. The Missouri Court of Appeals summarily affirmed.

Petitioner presents six claims for relief, four of which he concedes were not properly presented to the State courts. In an effort to excuse his procedural default, he asserts that the police and prosecutor manufactured or falsified the DNA evidence against him and that he is actually innocent. He also claims that the state withheld exculpatory evidence and that he received ineffective assistance of plea and post-conviction counsel.

Additional facts will be included as necessary.

**II.  Motion to Compel**

Petitioner asks the Court to order the State to produce DNA results and any witness statements or photographic array which identify him as present at the robbery.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904, (1997). Instead, Rule 6(a) authorizes a judge "for good cause, [to] authorize a party to conduct discovery under the Federal Rules of Civil Procedure

4

and may limit the extent of discovery." Rule 6(a), Rules Governing § 2254 Cases. Under Rule 6(b), the requesting party must provide reasons for the request. To establish good cause, a petitioner must make "specific allegations" that give a court "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Newton v. Kemna, 354 F.3d 776, 783 (8th Cir. 2004) (quoting Bracy, 520 U.S. at 904 and 908-09). The "good cause" standard of Rule 6 requires a petitioner to at least attempt to identify what he expects to uncover through his discovery requests. Braden v. Bagley, No. 2:04-CV-842, 2007 WL 1026454, at *2 (S.D. Ohio Mar. 30, 2007). A court will not authorize a petitioner to engage in a "fishing expedition." Murphy v. Johnson, 205 F.3d 809, 814 (5th Cir. 2000) ("Simply put, Rule 6 does not authorize fishing expeditions.").

Petitioner must also satisfy the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214. The United States Supreme Court has made clear that, "[a]lthough state prisoners may sometimes submit new evidence in federal court, AEDPA's statutory scheme is designed to strongly discourage them from doing so." Cullen v. Pinholster, 563 U.S. 170, 186 (2011). Provisions like §§ 2254(d)(1) and (e)(2) ensure that "[f]ederal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." Id. (quoting Williams v. Taylor, 529 U.S. 420, 437 (2000)).

If a petitioner's claim has been adjudicated on the merits in state court such that his claim to relief is governed by 28 U.S.C. § 2254(d)(1), federal review of the claim is restricted to the factual record that was before the state courts and new

5

evidence developed in federal court has no bearing on that review. Id. at 185. "In other words, if the state . . . court adjudicated [petitioner's claims] on the merits, . . . 'good cause' does not exist" for discovery a petitioner seeks, because the federal courts may look only to the state court record in applying § 2254(d). Hurst v. Branker, No. 1:10CV725, 2011 WL 2149470, at *8 (M.D.N.C. June 1, 2011).

In the case of a prisoner who failed to develop the factual basis of his claim in state court, a federal court may not consider new evidence unless the petitioner meets the requirements of § 2254(e)(2). Cullen, 563 U.S. at 185-86.

Section 2254(e)(2) states:

If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--

(A) the claim relies on--

> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). Although § 2254(e)(2) and Cullen are directed to evidentiary hearings in habeas proceedings, courts have applied the same analysis to requests to take discovery and expand the record. See Worthington v. Roper, No. 4:05-CV-1102 CAS, 2008 WL 2952116, at *1-2 (E.D. Mo. July 28, 2008) (applying § 2254(e)(2) to request for discovery under Rule 6); see also Mark v. Ault, 498 F.3d 775, 778 (8th Cir. 2007) (petitioner seeking to expand the record under Rule 7 of § 2254 must meet the requirements of § 2254(e)(2)).

6

With respect to his request for DNA results, petitioner has submitted several documents that give the appearance of being internal communications between employees of the St. Louis County Police DNA unit. [Doc. #23-1]. These documents purport to show efforts by investigators and laboratory staff to implicate petitioner by altering the results of DNA tests completed on samples taken from the watch cap found at the scene of the robbery.[1] The bulk of the documents post-date petitioner's guilty plea and are unsigned, unauthenticated, and lack any indicia of reliability. As such, the documents do not support petitioner's request for discovery. As to petitioner's request for any witness statements or photographic arrays, there is no indication anywhere in the record that such evidence exists. Petitioner's motion to compel will be denied.

### III. Section 2254 Petition

#### A. Legal Standards

When a claim has been adjudicated on the merits in state court proceedings, habeas relief is permissible under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d), only if the state court's determination:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d)(1)-(2).

---

[1] Petitioner previously tried to explain the purported presence of his DNA in the watch cap by asserting that Leachman, with whom he was slightly acquainted, had taken the cap from his home. Doc. #20-1 at 74.

A state court's decision is "contrary to" clearly established law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005). "The state court need not cite or even be aware of the governing Supreme Court cases, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Brown v. Luebbers, 371 F.3d 458, 461 (8th Cir. 2004) (citing Early v. Packer, 537 U.S. 3, 8 (2002)). "In the 'contrary to' analysis of the state court's decision, [the federal court's] focus is on the result and any reasoning that the court may have given; the absence of reasoning is not a barrier to a denial of relief." Id.

A decision involves an "unreasonable application" of clearly established law if "the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner," Payton, 125 S. Ct. at 1439; Williams v. Taylor, 529 U.S. 362, 405 (2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 406. "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Carter v. Kemna, 255 F.3d 589, 592 (8th Cir. 2001) (quoting Williams, 529 U.S. at 410-11).

To preserve a claim for relief, "a habeas petitioner must have raised both the factual and legal bases" of his claim to the state court, and afforded that court a fair opportunity to review its merits. Abdi v. Hatch, 450 F.3d 334, 338 (8th Cir. 2006)

8

(citations omitted). Where a claim is defaulted, a federal habeas court will consider it only if the petitioner can establish either cause for the default and actual prejudice or that failure to consider the claim will result in a fundamental miscarriage of justice. Id. To establish "cause" for the default, a petitioner generally must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). To establish prejudice, the petitioner "must show that the errors of which he complains 'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Ivy v. Caspari, 173 F.3d 1136, 1141 (8th Cir. 1999) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)) (emphasis omitted). Petitioner alleges that he received ineffective assistance of post-conviction counsel and argues that, under Martinez v. Ryan, 132 S. Ct. 1309 (2012), he has shown cause for the default.[3]

The fundamental miscarriage of justice exception to procedural default requires a habeas petitioner to present "new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." House v. Bell, 547 U.S. 518, 537 (2006) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). "'Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim.'" Cagle v. Norris, 474 F.3d 1090, 1099 (8th Cir. 2007) (quoting Schlup, 513 U.S. at 316). In

---

[3]The Supreme Court held in Martinez that, under limited circumstances, inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial. Id. at 1315.

9

addition, a petitioner must show "that 'it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" Osborne v. Purkett, 411 F.3d 911, 920 (8th Cir. 2005) (quoting Schlup, 513 U.S. at 327).

Petitioner claims that he satisfies both exceptions to the procedural bar. The Court need not address procedural default, however, because petitioner has failed to establish that he is entitled to relief on the merits of his claims.

### Grounds 1 - 3: Falsified DNA Evidence

Petitioner's first three grounds for relief all rely on his contention that police investigators tampered with the DNA evidence to incriminate him for the robbery. Petitioner claims that he is actually innocent of the offenses to which he pleaded guilty (Ground 1),[4] that the State withheld exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963) (Ground 2), and that the police engaged in misconduct by fabricating the DNA evidence against him (Ground 3). Petitioner has not properly presented these claims to the state courts.

The longstanding test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)). During the plea proceeding, petitioner acknowledged that DNA evidence implicated him. He made this statement under oath, after being advised of his rights to go to trial and call

---

[4] Petitioner clarifies in his traverse that he asserts actual innocence both as a "gateway" to resurrect procedurally defaulted claims under Schlup and as a free-standing claim. To the extent that a persuasive claim of actual innocence would render an otherwise error-free conviction unconstitutional, the threshold for establishing such a claim would be "extraordinarily high," and would require "more convincing proof" than the Schlup-gateway standard for defaulted claims. Dansby v. Hobbs, 766 F.3d 809, 816 (8th Cir. 2014).

10

witnesses on his behalf. He subsequently stated that his counsel and investigator had completed all tasks he asked of them. Statements made by a defendant under oath during a guilty plea proceeding "carry a strong degree of verity and pose a formidable barrier in any subsequent collateral proceedings." Ingrassia v. Armontrout, 902 F.2d 1368, 1370 (8th Cir. 1990) (citation omitted). See also Blackledge v. Allison, 431 U.S. 63, 74 (1977)("Solemn declarations in open court carry a strong presumption of verity."); Tran v. Lockhart, 849 F.2d 1064, 1068 (8th Cir. 1988) (once a person has entered a guilty plea any "subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.") (citation omitted). Petitioner's statements establish that his plea was knowing and voluntary and he cannot overcome them merely by reference to the unauthenticated documents attached to his traverse. Petitioner is not entitled to relief on Grounds 1 through 3.

## **Grounds 4 - 6: Ineffective Assistance of Counsel**

Petitioner asserts that counsel was ineffective for failing to have the DNA evidence in this case submitted to an independent laboratory for testing (Ground 4)[5] and for failing to interview codefendant Leachman (Ground 5) and witness DeKisha Roddie (Ground 6).

To prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first Strickland prong,

---

[5] Ground 4 was not presented to the state courts.

11

there exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. Id. at 689. In order to establish prejudice, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

When a petitioner has pleaded guilty,

> [t]he second, or "prejudice," requirement . . . focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Here, the prosecutor agreed to recommend concurrent sentences of 10 years' imprisonment, both to run concurrently with any other sentence for which petitioner was incarcerated at the time. Doc. #20-1 at 11. This recommendation represented a significant reduction from the maximum sentences petitioner faced. Assuming that counsel's performance was constitutionally deficient, the Court finds that petitioner has not established a reasonable probability that, but for her errors, he would have insisted on going to trial.

### IV. **Conclusion**

For the reasons discussed above, the Court concludes that petitioner has failed to establish that he is entitled to relief based on state court proceedings that were contrary to, or an unreasonable application of, clearly established federal law, or based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d). Petitioner has also

failed to make a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

A judgment in accordance with this Memorandum will be entered.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 26th day of May, 2016.