# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| ANDRE WILLIAMS, SR., | ) |
| Petitioner, | ) |
| v. | ) No. 4:14-CV-00411-AGF |
| IAN WALLACE, | ) |
| Respondent. | ) |

## SUGGESTIONS IN OPPOSITION TO PETITIONER'S AMENDED MOTION FOR LEAVE TO CONDUCT DISCOVERY

### Procedural History

In federal district court, Petitioner Andre Williams, Sr., raised claims of ineffective assistance of counsel, involuntary plea, and prosecutorial misconduct. Petitioner's claims relied on a handful of handwritten documents which he attached to his traverse. Petitioner alleged that the documents showed a conspiracy between police investigators and crime lab technicians to frame him for robbery. The district court denied the claims on the merits, finding that Petitioner could not overcome his guilty plea "merely by reference to the unauthenticated documents attached to his traverse." (Doc. 37 at 11).

The United States Court of Appeals for the Eighth Circuit granted Petitioner a certificate of appealability on his prosecutorial misconduct claim

only. (Doc. 50). After briefing and argument, the court of appeals held that the district court erred when it denied Petitioner's prosecutorial claim on the merits only for the reason that Petitioner's evidence had not been authenticated or verified. (Doc. 52 at 3). The court of appeals remanded Petitioner's prosecutorial misconduct claim *only* because "the district court's rationale for denying the petition was inadequate." *Id.* The court of appeals expressed no opinion on the merits of the parties' arguments. *Id.* Subsequently, this Court ordered Petitioner to "file a brief on the issue of whether Petitioner is entitled to an evidentiary hearing regarding the newly-discovered evidence referenced in the Eighth Circuit opinion. The brief should also address whether Petitioner is entitled to the documents set forth in his motion to compel." (Doc. 63). Petitioner filed an amended traverse and amended motion for discovery on December 14, 2017. (Docs. 64–65).[1]

## Discussion

Petitioner is not entitled to conduct discovery because his petition is barred by the statute of limitations. Petitioner has also not shown good cause for discovery the record before this Court clearly shows that he failed to

---

[1] Respondent only responds to Petitioner's amended motion for discovery here pursuant to local Rule 7 – 4.01(B) (requiring suggestions in opposition to motions to be filed within 7 days). The Court previously granted Respondent until January 17, 2018, to file a response to Petitioner's request for a hearing. (Doc. 63).

diligently pursue his claim in state court. Discovery is also not necessary because the record clearly shows that Petitioner's claim is meritless.

## Standard of Review

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley,* 520 U.S. 899, 904 (1997). Instead, Rule 6(a) authorizes a judge "for good cause, [to] authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Habeas Corpus Rule 6(a). To establish good cause, a petitioner must make "specific allegations" that give a court "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief." *Newton v. Kemna,* 354 F.3d 776, 783 (8th Cir. 2004) (quoting *Bracy,* 520 U.S. at 904, 908–09). Further, a federal habeas court must also take into account any lack of diligence on the petitioner's part in developing the record in state court. *See, e.g., Byrd v. Armontrout,* 880 F.2d 1, 7 (8th Cir. 1989) (discovery properly denied because petitioner failed to explain his failure in state proceedings to try to discover and present evidence now sought in federal proceedings); *Moore–El v. Luebbers,* 446 F.3d 890, 900–01 (8th Cir. 2006) (district court did not abuse its discretion in denying petitioner discovery when the petitioner failed to develop the evidence at issue in the state post-conviction proceeding); *Hooks v. Workman,* 606 F.3d 715, 730–31 n. 14 (10th Cir. 2010)

("Only when a petitioner diligently sought to develop the factual basis of a habeas claim in state court can he utilize the procedures set out in Rules 6 and 7"); *Crawford v. Head,* 311 F.3d 1288, 1329 (11th Cir. 2002) (district court correctly denied discovery because the petitioner "failed to exercise sufficient diligence in seeking testing of items mentioned in the [ ] report while in state court.").

Petitioner's evidentiary requests must also be evaluated under AEDPA. *See Mark v. Ault,* 498 F.3d 775, 788 (8th Cir. 2007) (holding that when a federal habeas petitioner seeks to admit evidence that was not introduced in state court, the requirements of § 2254(e)(2) must be met). As the Supreme Court made clear in *Pinholster,* "[a]lthough state prisoners may sometimes submit new evidence in federal court, AEDPA's statutory scheme is designed to *strongly discourage* them from doing so." *Cullen v. Pinholster*, 563 U.S. 170, 186 (2011) (emphasis added). AEDPA's requirements under sections "2254(d)(1) and (e)(2) ensure that '[f]ederal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings.'" *Id.*; *quoting Williams v. Taylor,* 529 U.S. 420, 437 (2000). When a claim was not adjudicated on the merits in state court, "2254(e)(2)… restricts the discretion of federal habeas courts to consider new evidence." *Pinholster,* 563 U.S. at 185. Federal courts may consider new evidence "only if [the petitioner] was not at fault in failing

4

to develop that evidence in state court, or (if he was at fault) if the conditions prescribed in § 2254(e)(2) were met." *Holland v. Jackson,* 542 U.S. 649, 652–53 (2004). The relevant question is whether the prisoner was diligent in his efforts to preserve or develop his claim in state court. *Williams,* 529 U.S. at 435. Diligence for the purposes of § 2254(e)(2) depends on whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court. *Id.*

**I.     Petitioner is not entitled to discovery because his petition is time-barred by the one-year statute of limitations and must be dismissed. Additionally, Petitioner has not shown good cause because he did not diligently pursue his claim in state court.**

Petitioner cannot show good cause for discovery because his petition must be dismissed for violating the statute of limitations. AEDPA places a one-year limitations period on filing an application for a writ of habeas corpus by a person held pursuant to a judgment from a state court. 28 U.S.C. § 2244(d)(1). This one-year window opens at the conclusion of direct review. 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled during a state prisoner's post-conviction proceedings in state court. 28 U.S.C. § 2244(d)(2). Failure to file within the one-year window requires the court to dismiss the petition for a writ of habeas corpus. *See Cross-Bey v. Gammon*, 322 F.3d 1012 (8th Cir. 2003).

**A. The Petition is untimely.**

Petitioner pleaded guilty on May 6, 2010 and was sentenced on the same day. (Doc. 20-1 at 10–12). He did not appeal his conviction, so the limitations period began on May 16, 2010, ten days after his guilty plea and sentencing. *See Gonzalez v. Thaler*, 132 S.Ct. 641, 653–54 (2012) (judgment becomes final at the expiration of time for seeking direct review with the state's highest court); Mo. Sup. Ct. R. 81.04(a) (notice of appeal shall be filed ten days after judgment).

Petitioner receives some tolling under Section 2244(d)(2). He timely filed a motion for post-conviction relief on June 5, 2010, which began the tolling 20 days after the limitations period began. (Doc. 20-1 at 51). His motion was denied on December 8, 2010. (Doc. 20-1 at 83). He appealed, and the motion court's denial was ultimately upheld. *See Williams v. State*, 353 S.W.3d 703 (Mo. App. E.D. 2011) (decided December 6, 2011); *see also* Missouri case number ED96202 (noting that the mandate issued on December 29, 2011). Petitioner did not request rehearing.

After his post-conviction relief motion was denied, Petitioner attempted several times to seek state habeas relief.[2] All of his state habeas petitions were summarily denied. In total, his state habeas cases tolled the limitations

---

[2] *See* Missouri case numbers 12MI-CV00546, 13MI-CV00450, SD32379, SD32946, and SC93794.

period 82 days.³ On March 5, 2012, Petitioner also filed a motion for post-conviction DNA testing under Section §547.035 Mo. Rev. Stat.⁴ The State filed its response opposing Petitioner's motion. (Doc. 23-1 at 40). Petitioner's motion for DNA testing was denied on April 4, 2012, he appealed, and the appeal was dismissed on October 10, 2012.⁵ Assuming Petitioner's motion for post-conviction DNA testing is a properly filed application for collateral review under Section 2244(d)(2), the DNA testing proceedings tolled the limitations period for 219 days.

Petitioner filed his petition for a writ of habeas corpus in federal district court on March 3, 2014. (Doc. 1). 20 days passed between the finality of Petitioner's conviction and the filing of his post-conviction relief motion. Another 67 days passed between the conclusion of his post-conviction relief motion litigation and the filing of his motion for post-conviction DNA testing. There were 509 days between the conclusion of Petitioner's DNA testing litigation and the date he filed his petition for a writ of habeas corpus in the district court. Subtracting the 82 days that Petitioner's state habeas litigation tolled the limitations period, his petition was filed 514 days after the conclusion of direct review under Section 2244(d). Therefore, his petition

---

³ One of Petitioner's state habeas cases, Missouri case number 12MI-CV00450, was pending at the same time as his post-conviction DNA testing litigation. He does not receive double tolling for that time.
⁴ *See* Missouri case number 10SL-CR00016.
⁵ *See* Missouri case number ED98505.

7

is untimely and must be dismissed unless Petitioner's claim falls under one of the exceptions under § 2244(d)(1). It does not.

### B. Petitioner's claim does not fall under any of the exceptions under § 2244(d)(1) and he has not shown good cause for discovery because he did not diligently pursue his claim in state court.

Petitioner argues that his petition is timely under § 2244(d)(1)(B) and (D). (Doc. 64 at 8). AEDPA permits calculation of the statute of limitations for a federal habeas petition from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence[,]" or "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed[.]" 28 U.S.C. § 2244(d)(1)(D), (B). Petitioner alleges that the basis for his prosecutorial misconduct claim could not have been discovered before he "was informed" of the handwritten notes on February 11, 2014. (Doc. 64 at 8). Thus, he believes the limitations period should begin running from that date. *Id.* at 8–9. He is incorrect.

Petitioner wishes for this Court to begin calculating the limitations period from the date that he alleges he *actually* discovered the documents he now relies on, but AEDPA requires calculation from the date that the facts supporting Petitioner's claim *could have* been discovered through due diligence. *See Rues v. Denney*, 643 F.3d 618, 622 (8th Cir. 2011). Here, the

8

record shows that Petitioner challenged the DNA evidence in his case as early as June 5, 2010. (Doc. 20-1 at 51–52) (Petitioner's *pro se* motion for post-conviction relief). He continued to challenge the DNA evidence in 2012. (Doc. 23-1 at 40–41) (State's response to Petitioner's motion for post-conviction DNA testing); *see also* Missouri case no. 10SL-CR00016.[6] However, Petitioner's documents show that he did not seek the records he currently relies on until January 31, 2014. (Doc. 40-2 at 11). The alleged response to Petitioner's records request was dated a mere 11 days after he requested the records. (Doc. 23-1 at 4). Thus, even if we assume that Petitioner's evidence is credible, if he had exercised due diligence and requested the records four years ago when he was first pursuing claims regarding the DNA evidence in his case, he would have discovered these documents.

Petitioner has also not shown any impediment to his ability to file his claim. He has not alleged that the state prevented him from physically filing a federal habeas petition. Indeed, the record demonstrates that Petitioner has previously filed collateral attacks on his conviction alleging errors with the DNA evidence linking him to his crime. (Doc. 20-1 at 51–52); (Doc. 23-1 at 40–41). Despite the evidence of Petitioner's prior litigation, Petitioner has

---

[6] In response to Petitioner's motion for DNA testing, the State noted that testing conducted after Petitioner's guilty plea revealed that Petitioner could not be excluded as a contributor to the DNA found on a cap taken from the crime scene. (Doc. 23-1 at 40–41).

9

provided no explanation for why he waited over four years to request the records he now relies on.

Petitioner has not shown the diligence required under AEDPA, so his petition is barred by the statute of limitations.[7] As such, Petitioner cannot show good cause for discovery. To establish good cause, Petitioner must give this Court reason to believe that discovery would enable Petitioner to develop facts that would entitle him to relief. *Newton,* 354 F.3d at 783. Petitioner cannot show that he is entitled to relief because his petition is time-barred, so discovery would be a fruitless endeavor. Moreover, Petitioner's lack of diligence prevents him from demonstrating good cause for discovery even if his petition was not time barred. *See, e.g., Byrd,* 880 F.2d at 7; *Mark*, 498 F.3d at 788.

---

[7] *But see McQuiggin v. Perkins*, 569 U.S. 383 (2013), holding that § 2244(d)(1)(D)'s diligence requirement does not require dismissal of a time-barred claim of gateway actual innocence. Here, Petitioner has not alleged gateway actual innocence, but has alleged cause and prejudice to excuse his procedurally defaulted claims. (Doc. 64 at 4, 7). Moreover, his claim of prosecutorial misconduct would not be sufficient to demonstrate actual innocence even if Petitioner argued it did. To support a claim of gateway actual innocence, Petitioner must provide new evidence that establishes that no reasonable juror would have found him guilty beyond a reasonable doubt. *House v. Bell*, 547 U.S. 518, 536–37 (2006). But Petitioner does not provide evidence proving his innocence; he only alleges that the State committed misconduct. And Petitioner would also need to show a separate constitutional violation occurred, otherwise a freestanding claim of innocence is not cognizable. *Burton v. Dormire*, 295 F.3d 839, 848 (8th Cir. 2002); *Meadows v. Delo*, 99 F.3d 280, 283 (8th Cir. 1996).

10

### C. Respondent has not waived a statute of limitations defense.

In his original response to the district court show cause order, Respondent did not raise the statute of limitations as a defense. *See* (Doc. 20). However, this does not constitute a waiver of the statute of limitations because the omission was merely due to inadvertence.

In *Wood v. Milyard*, 132 S.Ct. 1826, 1835 (2012), the Supreme Court limited waiver of the limitations period to cases of intentional relinquishment, holding that where the respondent failed to timely assert the statute of limitations due to inadvertence, the court of appeals or district court could still exercise discretion to dismiss the case. *See also Coulter v. Kelley*, 871 F.3d 612, 618 (2017) (vacated on other grounds as moot). The facts in *Wood* showed that the respondent had "expressed its clear and accurate understanding of the timeliness issue" and had chosen to deliberately steer the district court away from it. *Id.* Here, Respondent's initial response clearly and accurately addressed the reasons why Petitioner's claim is procedurally barred and meritless, but there is no language suggesting that Respondent was abandoning timeliness under § 2244(d). *See generally* (Doc. 20). Thus, this Court does have discretion to dismiss the petition as untimely and should exercise its discretion to do so.

**II.    Even if the petition was not time-barred, discovery is not necessary here because the record before the Court is sufficient to determine that Petitioner's claim is procedurally barred and meritless.**

Petitioner did not present his prosecutorial misconduct claim in his state post-conviction relief motion or on appeal from the denial of that motion. His failure to present this claim during the state post-conviction litigation constitutes a default that precludes federal court review. *Sweet v. Delo*, 125 F.3d 144, 1149–50 (8th Cir. 1997). Petitioner alleges that his procedural default should be excused because he did not discover the handwritten notes he now relies on until after his state post-conviction proceedings were concluded. (Doc. 64 at 7). As discussed above, Petitioner did not diligently pursue this claim in state court despite being aware of it, so he should not be able to use these new documents as cause to excuse his default now. *See Mark*, 498 F.3d at 788.

Petitioner also cannot show prejudice or a manifest injustice because the record demonstrates that his claim is meritless. The record of Petitioner's guilty plea hearing demonstrates that his guilty plea was knowing and voluntary. (Appx. 26) (plea of guilty form signed by Petitioner); (Appx. 30–47) (transcript of Petitioner's guilty plea). During the plea hearing, the prosecutor read the essential elements of the crimes Petitioner was charged with. (Appx. 36–37). Petitioner admitted that he participated in a robbery of

the Yellowstone Café on November 19, 2009, with Mark Leachman. Petitioner admitted that he was the gunman during the robbery. He also admitted that he was implicated by physical evidence. Thus, the record refutes Petitioner's allegations in his petition. The record also shows that Petitioner chose the most beneficial course of action open to him because by pleading guilty, he received the minimum sentence available for his crimes. (Appx. 38–40).

Additionally, Petitioner alleges that detectives and crime lab staff conspired to manufacture a CODIS hit which was referenced in a letter, dated December 30, 2009. (Appx. 145). The letter stated that a search of CODIS resulted in a match between a DNA profile developed from buccal swabs taken from a black skull cap retrieved from the crime scene and Petitioner's DNA which was already in CODIS.[8] But Petitioner admitted to detectives that the cap belonged to him. (Appx. 141) (Police report from Petitioner's interview where he suggests that his co-defendant had taken his hat and left it at the scene); (Addendum 8 n.1) (District court's note that Petitioner previously alleged that his co-defendant had taken the cap from his home). Throughout his post-conviction review proceedings, Petitioner never disputed that the cap which was retrieved from the crime scene is his

---

[8] The letter referenced a "Deandre Darrough" which was one of Petitioner's aliases. (Appx. 141).

cap. (Appx. 89) (Petitioner's amended post-conviction relief motion where he alleged that his co-defendant had taken the cap from his home). Moreover, subsequent DNA testing conducted after Petitioner's guilty plea apparently showed that Petitioner *could not* be excluded as a contributor to the DNA found on a cap recovered from the crime scene, so Petitioner's contention that the DNA evidence prior to his guilty plea was falsified is not supported by the record.

Because Petitioner admitted that the cap belonged to him, it is irrelevant whether DNA testing corroborated his statement. Petitioner is linked to the crime scene by his own admission that he owned the cap. Considering Petitioner's admissions to the police, during his guilty plea, and in his post-conviction filings, as well as the post-plea DNA testing which could not exclude Petitioner as a contributor to the DNA retrieved from the cap, Petitioner's claim that his guilty plea was unknowing is plainly meritless. Discovery is not necessary for the Court to determine that Petitioner's claims are barred and meritless.

## Conclusion

This Court should deny Petitioner's amended motion for leave to conduct discovery.

Respectfully submitted,

**JOSHUA D. HAWLEY**
Attorney General

*/s/ Patrick Logan*
PATRICK J. LOGAN
Assistant Attorney General
Missouri Bar No. 68213

P. O. Box 899
Jefferson City, MO  65102
(573) 751-1508
(573) 751-3825 FAX
patrick.logan@ago.mo.gov
Attorneys for Respondent

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was electronically filed by using the CM/ECF system.  Counsel for petitioner will receive a copy of the foregoing document through the CM/ECF system this 21 day of December, 2017.

*/s/ Patrick Logan*
PATRICK J. LOGAN
Assistant Attorney General