IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANDRE WILLIAMS, SR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:14-CV-00411-AGF |
| ) | |
| IAN WALLACE, ) | |
| ) | |
| Respondent. ) | |

**RESPONSE TO PETITIONER'S BRIEF IN SUPPORT OF PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING**

On November 17, 2017, the Court ordered Petitioner Andre Williams, Sr., to brief the issues of whether he is entitled to an evidentiary hearing on his prosecutorial misconduct claim[1] and whether he is entitled to documents he requested in his motion to compel. On December 14, 2017, Petitioner filed his "Brief in Support of Petitioner's Amended Motion for Leave to Conduct Discovery and Petitioner's Entitlement to Evidentiary Hearing." Petitioner also filed an amended motion for discovery. Respondent timely filed

---

[1] Petitioner references his original Grounds 2 and 3 in his amended traverse, but the Eighth Circuit only granted a certificate of appealability on Petitioner's Ground 3, the claim of prosecutorial misconduct, and remanded that ground to this Court. *See* (Doc. 50) (order granting a certificate of appealability "on the issue of prosecutorial misconduct."). As such, the district court's original denial of Petitioner's Grounds 1, 2, 4, 5, and 6 constitutes the law of the case; only Petitioner's prosecutorial misconduct claim should be reexamined. *See Lawrence v. Armontrout*, 961 F.2d 113, 115 n.2 (8th Cir. 1992).

suggestions in opposition to Petitioner's amended motion for discovery. Pursuant to this Court's order, Respondent now addresses Petitioner's request for an evidentiary hearing.

## Statement of Exhibits

In addition to the exhibits attached to Respondent's initial response to the district court's show cause order in this case, (Doc. 20), Respondent attaches the following in support of his response:

1. Respondent's Exhibit E is a copy of the original DNA casefile in Petitioner's case from the St. Louis County Police Department Crime Laboratory.
2. Respondent's Exhibit F is an affidavit from Karlyn Rensing, the Forensic Scientist who performed the DNA testing in Petitioner's case.

## Discussion

Petitioner is not entitled to an evidentiary hearing on his claim because his petition is barred by the statute of limitations. Additionally, Petitioner's own exhibits demonstrate that his claim is procedurally barred and meritless. Finally, because none of the handwritten notes that Petitioner relies on can be found in the original casefile, and because many of Petitioner's exhibits appear to be modified copies of documents found in the original casefile, Petitioner's claim is clearly meritless and should be denied without a hearing.

**I.      The Court should not hold an evidentiary hearing because Petitioner's petition is time-barred by the one-year statute of limitations and must be dismissed.**

Petitioner cannot show good cause for discovery because his petition must be dismissed for violating the statute of limitations. AEDPA places a one-year limitations period on filing an application for a writ of habeas corpus by a person held pursuant to a judgment from a state court. 28 U.S.C. § 2244(d)(1). This one-year window opens at the conclusion of direct review. 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled during a state prisoner's post-conviction proceedings in state court. 28 U.S.C. § 2244(d)(2). Failure to file within the one-year window requires the court to dismiss the petition for a writ of habeas corpus. *See Cross-Bey v. Gammon*, 322 F.3d 1012 (8th Cir. 2003).

**A. The Petition is untimely.**

Petitioner pleaded guilty on May 6, 2010 and was sentenced on the same day. (Doc. 20-1 at 10–12). He did not appeal his conviction, so the limitations period began on May 16, 2010, ten days after his guilty plea and sentencing. *See Gonzalez v. Thaler*, 132 S.Ct. 641, 653–54 (2012) (judgment becomes final at the expiration of time for seeking direct review with the state's highest court); Mo. Sup. Ct. R. 81.04(a) (notice of appeal shall be filed ten days after judgment).

3

Petitioner receives some tolling under Section 2244(d)(2). He timely filed a motion for post-conviction relief on June 5, 2010, which began the tolling 20 days after the limitations period began. (Doc. 20-1 at 51). His motion was denied on December 8, 2010. (Doc. 20-1 at 83). He appealed, and the motion court's denial was ultimately upheld. *See Williams v. State*, 353 S.W.3d 703 (Mo. App. E.D. 2011) (decided December 6, 2011); *see also* Missouri case number ED96202 (noting that the mandate issued on December 29, 2011). Petitioner did not request rehearing.

After his post-conviction relief motion was denied, Petitioner attempted several times to seek state habeas relief.[2] All of his state habeas petitions were summarily denied. In total, his state habeas cases tolled the limitations period 82 days.[3] On March 5, 2012, Petitioner also filed a motion for post-conviction DNA testing under Section 547.035 Mo. Rev. Stat.[4] The State filed its response opposing Petitioner's motion. (Doc. 23-1 at 40). Petitioner's motion for DNA testing was denied on April 4, 2012, he appealed, and the appeal was dismissed on October 10, 2012.[5] Assuming Petitioner's motion for post-conviction DNA testing is a properly filed application for collateral

---

[2] *See* Missouri case numbers 12MI-CV00546, 13MI-CV00450, SD32379, SD32946, and SC93794.
[3] One of Petitioner's state habeas cases, Missouri case number 12MI-CV00450, was pending at the same time as his post-conviction DNA testing litigation. He does not receive double tolling for that time.
[4] *See* Missouri case number 10SL-CR00016.
[5] *See* Missouri case number ED98505.

4

review under Section 2244(d)(2), the DNA testing proceedings tolled the limitations period for 219 days.

Petitioner filed his petition for a writ of habeas corpus in federal district court on March 3, 2014. (Doc. 1). 20 days passed between the finality of Petitioner's conviction and the filing of his post-conviction relief motion. Another 67 days passed between the conclusion of his post-conviction relief motion litigation and the filing of his motion for post-conviction DNA testing. There were 509 days between the conclusion of Petitioner's DNA testing litigation and the date he filed his petition for a writ of habeas corpus in the district court. Subtracting the 82 days that Petitioner's state habeas litigation tolled the limitations period, his petition was filed 514 days after the conclusion of direct review under Section 2244(d). Therefore, his petition is untimely and must be dismissed unless Petitioner's claim falls under one of the exceptions under Section 2244(d)(1). It does not.

### B. Petitioner's claim does not fall under any of the exceptions under Section 2244(d)(1) because he did not diligently pursue his claim in state court.

Petitioner argues that his petition is timely under Section 2244(d)(1)(B) and (D). (Doc. 64 at 8). AEDPA permits calculation of the statute of limitations for a federal habeas petition from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence[,]" or "the date on which the impediment

5

to filing an application created by State action in violation of the Constitution or laws of the United States is removed[.]" 28 U.S.C. § 2244(d)(1)(D), (B). Petitioner alleges that the basis for his prosecutorial misconduct claim could not have been discovered before he "was informed" of the handwritten notes on February 11, 2014. (Doc. 64 at 8). Thus, he believes the limitations period should begin running from that date. *Id.* at 8–9. He is incorrect.

Petitioner wishes for this Court to begin calculating the limitations period from the date that he alleges he *actually* discovered the documents he now relies on, but AEDPA requires calculation from the date that the facts supporting Petitioner's claim *could have* been discovered through due diligence. *See Rues v. Denney*, 643 F.3d 618, 622 (8th Cir. 2011). Here, the record shows that Petitioner challenged the DNA evidence in his case as early as June 5, 2010. (Doc. 20-1 at 51–52) (Petitioner's *pro se* motion for post-conviction relief). He continued to challenge the DNA evidence in 2012. (Doc. 23-1 at 40–41) (State's response to Petitioner's motion for post-conviction DNA testing); *see also* Missouri case no. 10SL-CR00016.[6] However, Petitioner's documents show that he did not seek the records he currently

---

[6] In response to Petitioner's motion for DNA testing, the State noted that further testing revealed that Petitioner could not be excluded as a contributor to the DNA found on a cap taken from the crime scene. (Doc. 23-1 at 40–41).

relies on until January 31, 2014.[7] (Doc. 40-2 at 3). The alleged response to Petitioner's records request was dated a mere 11 days after he requested the records. (Doc. 23-1 at 4). Thus, even if we assume that Petitioner's evidence is credible, if he had exercised due diligence and requested the records four years ago when he was first pursuing claims regarding the DNA evidence in his case, he could have discovered these documents.

Petitioner has also not shown any impediment to his ability to file his claim. He has not alleged that the state prevented him from physically filing a federal habeas petition. Indeed, the record demonstrates that Petitioner has previously filed collateral attacks on his conviction alleging errors with the DNA evidence linking him to his crime. (Doc. 20-1 at 51–52); (Doc. 23-1 at 40–41). Despite the evidence of Petitioner's prior litigation, Petitioner has provided no explanation for why he waited over four years to request the records he now relies on. Petitioner has not shown the diligence required under AEDPA, so his petition is barred by the statute of limitations.[8]

---

[7] Curiously, the original DNA casefile shows that only one records request was filed by Petitioner on February 3, 2012. (Resp. Ex. E at 54). The casefile does not contain a records request from January 31, 2014. Thus, it seems possible that Petitioner received the records he requested in 2012 but chose not to file a federal habeas petition for years afterwards. However, even if we assume that Petitioner's January 31, 2014 records request is credible, Petitioner still did not diligently pursue his present claim in state court or timely file his federal habeas petition.

[8] *But see McQuiggin v. Perkins*, 569 U.S. 383 (2013), holding that Section 2244(d)(1)(D)'s diligence requirement does not require dismissal of a time-

7

**C. Respondent has not waived a statute of limitations defense.**

In his original response to the district court show cause order, Respondent did not raise the statute of limitations as a defense. *See* (Doc. 20). However, this does not constitute a waiver of the statute of limitations because the omission was merely due to inadvertence.

In *Wood v. Milyard*, 132 S.Ct. 1826, 1835 (2012), the Supreme Court limited waiver of the limitations period to cases of intentional relinquishment, holding that where the respondent failed to timely assert the statute of limitations due to inadvertence, the court of appeals or district court could still exercise discretion to dismiss the case. *See also Coulter v. Kelley*, 871 F.3d 612, 618 (2017) (vacated on other grounds as moot). The facts in *Wood* showed that the respondent had "expressed its clear and accurate understanding of the timeliness issue" and had chosen to deliberately steer the district court away from it. *Id.* Here, Respondent's initial response clearly

---

barred claim of gateway actual innocence. Here, Petitioner has not alleged gateway actual innocence, but has alleged cause and prejudice to excuse his procedurally defaulted prosecutorial misconduct claim. (Doc. 64 at 7). Moreover, his claim of prosecutorial misconduct would not be sufficient to demonstrate actual innocence even if Petitioner argued it did. To support a claim of gateway actual innocence, Petitioner must provide new evidence that establishes that no reasonable juror would have found him guilty beyond a reasonable doubt. *House v. Bell*, 547 U.S. 518, 536–37 (2006). But Petitioner does not provide evidence proving his innocence; he only alleges that the State committed misconduct. And Petitioner would also need to show a separate constitutional violation occurred, otherwise a freestanding claim of innocence is not cognizable. *Burton v. Dormire*, 295 F.3d 839, 848 (8th Cir. 2002); *Meadows v. Delo*, 99 F.3d 280, 283 (8th Cir. 1996).

and accurately addressed the reasons why Petitioner's claim is procedurally barred and meritless, but there is no language suggesting that Respondent was abandoning timeliness under Section 2244(d). *See generally* (Doc. 20). Thus, this Court should dismiss the petition as untimely.

II. **Even if the petition was not time-barred, this Court should not hold an evidentiary hearing because Petitioner's claim is procedurally barred and meritless and he has not met the requirements of Section 2254(e)(2). Additionally, the records from the original DNA casefile and the affidavit of Karlyn Rensing, the Forensic Scientist who tested the evidence in Petitioner's case, directly refute Petitioner's claim.**

A federal court is not required to hold an evidentiary hearing in a habeas case when the record refutes the petitioner's factual allegations in his petition. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (holding that where the State record refutes the facts alleged by the applicant, no hearing is necessary). When a petitioner has failed to develop the facts supporting his claim in state court, a federal court shall not hold an evidentiary hearing unless the petitioner's claim relies on a new rule of constitutional law made retroactive by the Supreme Court, or the facts underlying the claim could not have been discovered through the exercise of due diligence and those facts "would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(A)–(B).

9

### A. Petitioner's unauthenticated documents demonstrate that he is not entitled to a hearing.

Petitioner did not present his prosecutorial misconduct claim in his state post-conviction relief motion or on appeal from the denial of that motion. His failure to present this claim during the state post-conviction litigation constitutes a default that precludes federal court review. *Sweet v. Delo*, 125 F.3d 144, 1149–50 (8th Cir. 1997). Petitioner alleges that his procedural default should be excused because he did not discover the handwritten notes he now relies on until after his state post-conviction proceedings were concluded. (Doc. 64 at 7). As discussed above, Petitioner did not diligently pursue this claim in state court despite being aware of it, so he should not be able to use these new documents as cause to excuse his default now. *See Mark v. Ault*, 498 F.3d 775, 788 (8th Cir. 2007) (holding that a habeas petitioner must meet the requires of Section 2254(e)(2) when seeking to introduce new evidence into the record).

Petitioner also cannot show prejudice or a manifest injustice because the record demonstrates that his claim is meritless. The record of Petitioner's guilty plea hearing demonstrates that his guilty plea was knowing and voluntary. (Doc. 23 at 42–45) (transcript of Petitioner's guilty plea). During the plea hearing, the prosecutor read the essential elements of the crimes Petitioner was charged with. *Id*. Petitioner admitted that he participated in a

10

robbery of the Yellowstone Café on November 19, 2009, with Mark Leachman. *Id.* Petitioner admitted that he was the gunman during the robbery. *Id.* He also admitted that he was implicated by physical evidence. *Id.* The guilty plea record refutes Petitioner's allegations in his petition.

The very documents that Petitioner relies on also show that his claim is meritless. Petitioner alleges that detectives and crime lab staff conspired to manufacture a CODIS hit which was referenced in a letter, dated December 30, 2009. (Doc. 21-1 at 3). The letter stated that a search of CODIS resulted in a match between a DNA profile developed from buccal swabs taken from a black skull cap retrieved from the crime scene and Petitioner's DNA which was already in CODIS.[9] *Id.* But Petitioner admitted to detectives that the cap belonged to him. (Doc. 21-1 at 2) (Police report from Petitioner's interview where he suggests that his co-defendant had taken his hat and left it at the scene); (Doc. 37 at 7 n.1) (District court's note that Petitioner previously alleged that his co-defendant had taken the cap from his home). Moreover, the documents Petitioner provided this Court demonstrate that DNA testing that was conducted after Petitioner's guilty plea apparently showed that Petitioner *could not* be excluded as a contributor to the DNA found on a cap recovered from the crime scene. (Doc. 23-1 at 40–41). Thus, the weight of the

---

[9] The letter referenced a "Deandre Darrough" which was one of Petitioner's aliases. (Doc. 21-1 at 2–3).

11

evidence against Petitioner remains the same. The Court should not hold an evidentiary hearing because Petitioner has not provided clear and convincing evidence that no reasonable fact finder would find him guilty. 28 U.S.C. § 2254(e)(2)(B).

### B. The record from the original DNA casefile and the affidavit of Karlyn Rensing also demonstrate that Petitioner's claims are meritless.

Respondent has requested and received a copy of the original DNA casefile from the St. Louis County Police Department Crime Laboratory and is filing it with the Court. *See* (Resp. Ex. E). Karlyn Rensing, the primary Forensic Scientist who performed the testing in Petitioner's case, has also provided an affidavit affirming that she did not conspire to convict Petitioner with falsified DNA evidence. *See* (Resp. Ex. F). Under Rule 7 of the Rules Governing Section 2254 Cases, this Court may expand the record to include relevant documents predating the petition. Rule 7(b). The Court may also consider affidavits filed as part of the record. *Id.*

A review of the original DNA casefile reveals that none of the handwritten notes that Petitioner filed in this Court are present. *See generally* (Resp. Ex. E). Also, as Karlyn Rensing has pointed out in her affidavit, it appears that several of the documents Petitioner relies on are modified copies of documents that are contained in the original file. Rensing points out numerous inconsistencies with some of the documents. For

example, the supplemental report that Petitioner filed as his Exhibit 2 appears to state that Petitioner is excluded as a contributor to the DNA on the cap. (Doc. 23-1 at 6). However, Rensing points out that the report number does not conform to the crime lab's naming conventions for reports, and the content appears to be inaccurate. (Resp. Ex. F at 2–3). Rensing also states that she would not have run an estimated statistical frequency on the result if Petitioner had been excluded. *Id.* at 3. A comparison of Petitioner's Exhibit 2 to the documents in the original casefile suggests that Petitioner's Exhibit 2 is actually a modified version of the supplemental report dated July 15, 2011. *Compare* (Doc. 23–1 at 6) *with* (Resp. Ex. E at 60). Rensing also points out many more apparent alterations made to several of Petitioner's exhibits. (Resp. Ex. F at 4–5).

After reviewing the original casefile and the affidavit of Karlyn Rensing, it is apparent that most of the documents Petitioner has filed in this Court to support his claim of prosecutorial misconduct are not genuine. Federal courts "presume that public officials have properly discharged their duties" unless that presumption is rebutted by "clear evidence." *Bracy v. Gramley*, 520 U.S. 899, 909 (1997); *McDonough v. Anoka County*, 799 F.3d 931, 948 (8th Cir. 2015). This Court should presume that the police investigators and forensic scientists involved in Petitioner's case properly performed their duties here. Petitioner's unauthenticated documents, which

13

are directly refuted by the original DNA casefile and Karlyn Rensing's affidavit, are not clear evidence to rebut that presumption. Because the record demonstrates that Petitioner's claim is meritless, no hearing is necessary. *Schriro*, 550 U.S. at 474. The petition should be denied.

## Conclusion

This Court should deny Petitioner's prosecutorial misconduct claim without holding an evidentiary hearing.

Respectfully submitted,

**JOSHUA D. HAWLEY**
Attorney General

*/s/ Patrick Logan*
PATRICK J. LOGAN
Assistant Attorney General
Missouri Bar No. 68213

P. O. Box 899
Jefferson City, MO  65102
(573) 751-1508
(573) 751-3825 FAX
patrick.logan@ago.mo.gov
Attorneys for Respondent

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was electronically filed by using the CM/ECF system. Counsel for petitioner will receive a copy of the foregoing document through the CM/ECF system this 31 day of January, 2018.

*/s/ Patrick Logan*
PATRICK J. LOGAN
Assistant Attorney General