UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANDRE WILLIAMS, SR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:14-CV-00411-AGF |
| ) | |
| IAN WALLACE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM & ORDER

This matter comes before the Court on Petitioner Andre Williams, Sr.'s amended motion for an evidentiary hearing (ECF No. 64) and amended motion for leave to conduct discovery (ECF No. 65). The State opposes both motions. For the reasons set forth below, Petitioner's motions will be granted.

## BACKGROUND

On May 6, 2010, Petitioner pled guilty to two charges arising out the robbery of a restaurant. DNA evidence obtained from a skull cap left at the scene of the crime linked Petitioner to the crime, and an eye witness identified the other individual committing the robbery. Petitioner was sentenced to serve two 10-year terms, to run concurrently. On June 5, 2010, he timely filed a motion for post-conviction relief under Missouri Supreme Court Rule 24.035, asserting that his plea was involuntary or unknowingly made due to ineffective assistance of counsel based on the attorney's failure to obtain independent DNA testing and failure to investigate certain witnesses. In his amended motion, Petitioner, through counsel, advanced only his claim of ineffective assistance of counsel

for failure to investigate certain witnesses.

The state trial court denied his motion on the basis that Petitioner failed to establish how he was prejudiced or how his claims affected the voluntary nature of his plea. The Missouri Court of Appeals affirmed. ECF No. 20-4.

On January 31, 2014, Petitioner sent a records request to the St. Louis County Police Department. In response, an individual identified only as "CD" sent a letter dated February 11, 2014, describing misconduct by law enforcement and crime lab personnel in fabricating a positive DNA result matching Petitioner to the physical evidence at the crime scene. ECF No. 23-1 at 4-5. That letter enclosed Petitioner's records request, including numerous handwritten notes on St. Louis County Police stationary discussing the process of forging the DNA results. Petitioner then filed the instant habeas petition asserting six grounds for relief: (1) actual innocence; (2) a violation under *Brady v. Maryland*, 373 U.S. 83, 89 (1963) for failure to disclose exculpatory DNA evidence; (3) deprivation of due process due to official misconduct in the fabrication of evidence; and (4) three additional grounds of ineffective assistance of counsel. ECF No. 1. Petitioner also requested an evidentiary hearing on his claims.

On May 26, 2016, the Court denied Petitioner's habeas petition on the merits.[1] It held that the documents purporting to show the fabrication of evidence could not overcome Petitioner's guilty plea because some of the documents were dated after Petitioner's plea was entered. The Court further held that Petitioner's statements before

---

[1] This case was initially assigned to the Honorable Carol Jackson. Upon her retirement, this case was reassigned to the undersigned on September 1, 2017. ECF No. 55.

the state court established that his plea was knowing and voluntary, and he explicitly acknowledged that DNA evidence implicated him. The Court also denied Petitioner's request for discovery and for an evidentiary hearing on the basis that the bulk of the documents purporting to show efforts by investigators and laboratory staff to implicate Petitioner by altering the results of DNA tests post-dated Petitioner's guilty plea and were unsigned, unauthenticated, and lacked any indicia of reliability. ECF No. 37.

Petitioner appealed, and the Eighth Circuit held that the Court erred when it failed to analyze whether Petitioner could receive an evidentiary hearing based on the documents submitted. It opined that:

> [Petitioner's] allegations are serious, and there are no obvious facial infirmities in the documents [Petitioner] presented to support those allegations. Accordingly, because the district court did not first decide whether [Petitioner] was entitled to an evidentiary hearing to authenticate his documents, the district court erred by denying his petition on the merits simply because the documents are unauthenticated.

ECF No. 52.

The Court, on remand, directed the parties to brief the issue of whether Petitioner is entitled to an evidentiary hearing, as well as whether Petitioner is entitled to the documents set forth in his motion to compel.

The State contends that Petitioner is not entitled to discovery or an evidentiary hearing on his claim because his habeas petition is barred by the statute of limitations. It also argues that Petitioner did not present his official misconduct claim in his state proceedings, and this procedural default is not excused because he failed to diligently pursue his claim in state court. Further, the State asserts that Petitioner's claims are

meritless and many of the documents submitted by Petitioner as exculpatory appear to be modified copies of documents found in the original case file.

Petitioner, through appointed counsel, argues that the suppression of material exculpatory evidence vitiates the knowing and voluntary nature of Petitioner's guilty plea, allowing a collateral attack on the plea. Petitioner contends that he has not procedurally defaulted the claims contained in his federal habeas petition because they are based upon newly-discovered evidence that Petitioner, exercising due diligence, could not have obtained earlier. As a result, Petitioner maintains that he was not able to advance his claims during his state proceedings for post-conviction relief. He further argues that his habeas petition is not barred by the statute of limitations because the exculpatory evidence could not have been discovered through the exercise of due diligence. Petitioner lastly asserts that discovery and an evidentiary hearing would resolve factual issues in this matter, including whether the documents submitted are authentic versus modified copies.

## DISCUSSION

<u>Evidentiary Hearing</u>

"Federal habeas review of state convictions has traditionally been limited to claims of constitutional violations occurring in the course of the underlying state criminal proceedings." *Herrera v. Collins*, 506 U.S. 390, 416 (1993). "History shows that the traditional remedy for claims of innocence based on new evidence, discovered too late in the day to file a new trial motion, has been executive clemency." *Id*.

Newly discovered evidence that only relates to the guilt or innocence of a state

4

prisoner will not merit habeas relief. *Id.* at 416–17. Instead, the newly discovered evidence must establish an independent constitutional violation. *Id.* at 400. "This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the constitution—not to correct errors of fact." *Id.*

In addition, the evidentiary claim must be newly discovered. *See Pickens v. Lockhart*, 4 F.3d 1446, 1450 (8th Cir. 1993). A claim is not newly discovered if the petitioner knew of the factual basis for the claim, or if he could reasonably have presented it to the state trier of fact. *Id.* If a petitioner's claim presents evidence that is both "newly discovered" and relating to a constitutional violation, the Court must allow an evidentiary hearing if the allegation is "substantial" and the evidence, if proven, would entitle petitioner to habeas relief. *See Cornell v. Nix*, 921 F.2d 769, 771 (8th Cir. 1990).

Lastly, a petitioner must be able to establish "cause and prejudice" sufficient to excuse his failure to present his claim to the same court. *Schlup v. Delo*, 513 U.S. 298, 314–15 (1995). A petitioner may obtain review of his defaulted constitutional claims only if he falls within the "narrow class of cases . . . implicating a fundamental miscarriage of justice." *Id.* A petitioner's claim of innocence may be offered to bring the petitioner within this narrow class of cases. *Id.*

Here, Petitioner asserts an independent constitutional violation; namely, he claims a *Brady* violation by the State when it suppressed material evidence that was favorable to Petitioner during his criminal proceeding. If the documents submitted by Petitioner are authentic and a *Brady* violation occurred, the State's failure to produce those records prior to Petitioner's guilty plea may render that plea involuntary. *See White v. United*

5

*States*, 858 F. 2d 416 (8th Cir. 1988). In *White*, the Eighth Circuit, adopting the Sixth Circuit's approach, held that within the context of the suppression of material exculpatory evidence, a court should look to the totality of the circumstances surrounding the guilty plea and consider whether that evidence impacts the assistance of counsel or the factual basis for the plea. *Id.* at 422.

Here, the documents relate to the State's evidence linking Petitioner to the crime; namely, DNA evidence obtained from a skull cap left at the scene of the crime. According to the plea and sentencing transcripts, this DNA is the only evidence linking Petitioner to the crime scene.[2] Withholding evidence of a conspiracy to fabricate DNA evidence linking Petitioner to the scene of the crime is prejudicial in the absence of other evidence of Petitioner's participating in the crime. Moreover, Petitioner asserts a claim of actual innocence. Thus, this matter falls within the narrow band of cases implicating a fundamental miscarriage of justice, and therefore, the Court will grant Petitioner's request for an evidentiary hearing.

Discovery

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled

---

[2] The State prosecutor testified as follows:

> Your honor, the testimony at trial would be that the defendants, [Petitioner] and Mark Leachman, were identified as participants for a robbery that occurred on 11/19/09 at Yellowstone Café and that [Petitioner] was the gunman and implicated by physical evidence, that was DNA evidence, and Leachman was not armed but identified by a witness.

ECF No. 20-1 at 20.

to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  Rule 6(a) of the Rules Governing § 2254 Cases states that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."  To establish good cause, a petitioner must make "specific allegations" that give a court "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief."  *Newton v. Kemna*, 354 F.3d 776, 783 (8th Cir. 2004) (quoting *Bracy*, 520 U.S. at 904 & 908–09).

As discussed more fully above, if the facts are developed to reveal a conspiracy among law enforcement to link Petitioner to the crime, Petitioner may be able to demonstrate that he is entitled to habeas relief.  Therefore, Petitioner's amended motion for leave to conduct discovery will be granted.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for an evidentiary hearing is **GRANTED**.  ECF No. 64.

**IT IS FURTHER ORDERED** that Petitioner Andrew Williams, Sr.'s amended motion for discovery is **GRANTED**.  ECF No. 65.

7

**IT IS FURTHER ORDERED** that on or before **March 30, 2018**, the parties shall submit a joint proposed scheduling plan for discovery, a proposed date for an evidentiary hearing, and any further procedures, including any supplemental briefing, that the parties deem appropriate.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 20th day of March, 2018.